# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TODD DETWILER, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO. 3:05-438 |
| | ) |
| v. | ) |
| | ) JUDGE KIM R. GIBSON |
| FIDELITY NATIONAL INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

**Gibson, J.,**

## SYNOPSIS

Presently before the Court is Defendant Fidelity National Insurance Company's ("Fidelity" or "Defendant") Motion for Summary Judgment (Doc. No. 17) endeavoring to foreclose the claims brought against Fidelity in Plaintiff Todd Detwiler's ("Plaintiff" or "Detwiler") complaint. Doc. No. 1, Ex. 1. Plaintiff brought an action by Writ of Summons in the Court of Common Pleas of Bedford County on or about September 15, 2005, at No. 2005-897. Thereafter, on November 7, 2005, Plaintiff filed a complaint in that action, asserting a claim against Fidelity to recover additional monies believed to be owed under a flood insurance policy, plus interest and costs. On November 22, 2005, Fidelity removed the lawsuit to this Court, asserting that the claim is for U.S. Treasury benefits under the National Flood Insurance Program ("NFIP"), 42 U.S.C. § 4001, *et seq.* Standard Flood Insurance Policy ("SFIP"), 44 C.F.R. Pt. 61, App. A(2), issued by Fidelity to Detwiler covering property situated in Bedford County, Pennsylvania, at 2526 Woodbury Pike in Woodbury, PA. Defendant filed an answer to Plaintiff's complaint on November 28, 2005. Defendant filed an

amended answer on April 6, 2006. On September 2, 2006, Defendant filed the instant motion with supporting brief, statement of facts, and appendix. Plaintiff responded to the motion, brief, and statement of facts on September 18, 2006, and filed an appendix on September 19, 2006. Defendant replied on October 3, 2006. Defendant's motion is now ripe for disposition.

## JURISDICTION

This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 4072. Venue is proper under 28 U.S.C. 1391(b).

## BACKGROUND

Fidelity is a Write Your Own ("WYO") program insurance company that participates in the United States Government's NFIP under the National Flood Insurance Act of 1968 ("NFIA"), as amended, 42 U.S.C. § 4001, *et seq.*, and, as such, acts as a "fiscal agent of the United States." 42 U.S.C. § 4701(a)(1); Defendant's Statement of Undisputed Material Facts ("DSOF"), p. 1. Fidelity, acting in its capacity as a WYO Carrier, issued a General Property form SFIP under policy number 99-02140328-2004 to Detwiler. DSOF ¶ 9. Detwiler's SFIP had building coverage limits of $37,000 with a $500 deductible, and no contents coverage. *Id.* ¶ 10. The building covered by the SFIP is a woolen mill wherein Detwiler conducts his business. *Id.* ¶ 11. The woolen mill sits next to a creek which flooded due to heavy rainfall on September 8-9, 2004. *Id.* ¶ 12. The flooding damaged Detwiler's property. *Id.* ¶ 12. Detwiler informed Fidelity of the flooding and a Colonial Claims Corporation adjuster inspected the property with Detwiler on September 12, 2004. *Id.* ¶ 14. Following the inspection, the adjuster issued an estimate of damages and a Final Flood Report, and also prepared a Proof of Loss in the amount of $6,569.46. *Id.* Detwiler signed the proof of loss and received $6,569.46 for damages caused by the flood. *Id.* ¶ 15.

Additional flooding damaged Detwiler's property on September 16, 2004. *Id.* ¶ 16. Again, Detwiler notified Fidelity of the flooding. *Id.* ¶ 17. A second adjuster from Colonial Claims inspected the property with Detwiler on October 4, 2004. *Id.* ¶ 18. A third Colonial Claims adjuster prepared a final report for the September 16, 2004, flood, calculating Detwiler's loss at $13,623.20, after depreciation and deductible. *Id.* ¶ 18. On September 24, 2004, the Federal Insurance Administrator issued an Extension for filing a Proof of Loss to all parties effected by the September 16, 2004, flood. *Id.* ¶ 19. Plaintiff did not agree with the adjusters' calculation of damages for his property after the September 16, 2004, flood, claiming the adjuster's itemization failed to include foundation and wall damage in the estimate. *Id.* ¶ 20. A structural engineer hired by Fidelity performed a structural inspection on December 7, 2004, which revealed settlement of the building from the flood was minimal and therefore not attributable to compensable damage from the flood. *Id.* ¶ 21. Based on the engineer's report, Fidelity refused to provide additional payments to Detwiler. *Id.* ¶ 22. On May 26, 2006, Detwiler submitted an engineering report and an estimate for costs of rebuilding the cement block walls of the woolen mill. *Id.* ¶ 23. Detwiler did not submit a Proof of Loss accompanying these documents. *Id.* However, approximately two months later, on July 26, 2007, Detwiler submitted a Proof of Loss for his claim from the September 16, 2004, flood damage. *Id.* ¶ 24. Detwiler never requested a waiver of the Proof of Loss requirement. *Id.* ¶ 25.

## ANALYSIS

Federal Rule of Civil Procedure 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the nonmoving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

3

of law." Fed. R. Civ. P. 56(c). A motion for summary judgment will not be defeated by the mere existence of some disputed facts, but will be defeated when there is a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2509-10, 91 L. Ed. 2d 202, 211-12 (1986). In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 249, 106 S. Ct. at 2511, 91 L. Ed. 2d at 212. The court is to draw all reasonable inferences in favor of the nonmoving party. *El v. Se. Pa. Transp. Auth.*, 479 F.3d 232, 238 (3d Cir.2007) ("In considering the evidence, the court should draw all reasonable inferences against the moving party."). In *El*, the United States Court of Appeals for the Third Circuit explained:

> [I]f there is a chance that a reasonable factfinder would not accept a moving party's necessary propositions of fact, pre-trial judgment cannot be granted. Specious objections will not, of course, defeat a motion for summary judgment, but real questions about credibility, gaps in the evidence, and doubts as to the sufficiency of the movant's proof, will.

*Id.*

Defendant argues that summary judgment is appropriate in this case because Plaintiff failed to submit a Proof of Loss that met the requirements of Article VII(J)(4) of the SFIP. Defendant also argues Plaintiff did not have a valid waiver. Furthermore, Defendant asserts that failure to meet the Proof of Loss requirements precludes Plaintiff from seeking judicial resolution, pursuant to Article VII(R) of the SFIP. Defendant also asserts that Plaintiff's claim for interest is not available in suits arising under the NFIA.

Plaintiff counters that his failure to meet the Proof of Loss requirements was caused by his reliance upon a communication from Colonial Claims Corporation, acting on behalf of Fidelity.

4

Plaintiff claims that this communication represented that the Proof of Loss requirement was waived, and that if Plaintiff disagreed with the adjuster's damage assessment a Proof of Loss may be submitted within one year from the date of loss. Plaintiff argues that the permissive tone of the memorandum is significant, and that the doctrines of equitable estoppel and waiver obviate the entry of summary judgment in favor of Defendant. Plaintiff also advances the tenuous argument that the high volume of flooding occurring in 2004 somehow suspended the requirements for making a claim under the NFIA. Plaintiff acknowledges that claims for interest are barred in cases under the NFIA and therefore abandons that claim.

A specific requirement for recovery of damages from flood loss under the SFIP is that the insured must provide the WYO carrier with a signed Proof of Loss within 60 days from the date of the alleged loss. 44 C.F.R. Pt. 61, App. (A)(1), Art. VII(J). "No WYO Company has any permission to alter, vary or waive any provision of an SFIP, as such actions may not be taken without the express written consent of the Federal Insurance Administrator." *Messa v. Omaha Prop. & Cas. Ins. Co.*, 122 F. Supp. 2d 523, 529 (D. N.J. 2000) (citing 44 C.F.R. Pt. 61.4(b), 61.13(d), and 62.23(c) and (d)). "The SFIP places the onus on the insured to file the proof of loss within 60 days regardless of the representations by the insurer or its adjuster." *Suopys v. Omaha Prop. & Cas. Ins. Co.*, 404 F.3d 805, 810 (3d Cir. 2005). The Third Circuit explained that "strict adherence to SFIP proof of loss provisions, including the 60-day period for providing proof of loss, is a prerequisite to recovery under the SFIP." *Id.* An insured is charged by law with constructive knowledge of the contents of the SFIP, which are published at 44 C.F.R. Pt. 61, App. A, 42 U.S.C. §§ 4013 and 4019. *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384, 68 S. Ct. 1, 3, 92 L. Ed. 10, 15 (1947) ("Just as everyone is charged with knowledge of the United States Statutes at Large, Congress has provided

5

that the appearance of rules and regulations in the Federal Register gives legal notice of their contents.") (citations omitted).

It is not disputed that Plaintiff failed to timely submit a Proof of Loss for his supplemental claim for the September 16, 2004 flood damage. While the Federal Insurance Administrator issued a written waiver of the Proof of Loss requirement, that waiver was not absolute and carried the condition that "In the event a policyholder disagrees with the insurer's adjustment, settlement, or payment of the claim, a policyholder may submit to the insurer a proof of loss within one year from the date of the loss. The proof of loss must meet the requirements of . . . ." Def.'s App. to Motion for Summary Judgment, Ex. 1. Plaintiff received correspondence from Defendant's adjuster which incorrectly simplified the dimensions of the federal waiver by stating: "The National Flood Insurance Program has decided to waive the requirement for you to file a proof of loss if you were affected by flooding from August 13, 2004 to December 31, 2004." Doc. No. 26, Attachment. The letter further informed Plaintiff, "If you disagree with the adjuster's findings, feel free to forward us a written statement concerning the area of disagreement, along with photographs to better demonstrate your position. Also, per the conditions of your policy, you may submit and document a proof of loss within 1 year from the date of loss." *Id.* Plaintiff claims that relying on the explanation of the waiver and the permissive language in the memorandum induced his failure to submit the required Proof of Loss within the established time frame, and that the doctrines of equitable estoppel and waiver should prevent this failure from barring his recovery under the SFIP.

The Court, while acknowledging the misleading nature of the adjuster's letter, cannot agree with Plaintiff's position. Third Circuit precedent states that where a claim is a direct charge to the United States Treasury, strict adherence to conditions precedent to payment are required. *Suopys*,

6

404 F.3d at 809. While the conditions precedent in this case were altered by the Federal Insurance Administrator, they were not removed, regardless of what was stated in the adjuster's letter. It is acknowledged that the communications with Plaintiff from the adjuster were not accurately phrased. Nonetheless, the Court finds that regardless of their nature, these communications from the adjuster could not possibly relieve Plaintiff of his duty to submit a Proof of Loss. "Protection of the public fisc requires that those who seek public funds act with scrupulous regard for the requirements of the law . . . . This is consistent with the general rule that those who deal with the Government are expected to know the law and may not rely on the conduct of Government agents contrary to the law." *Heckler v. Cmty. Health Servs. of Crawford County, Inc.*, 457 U.S. 51, 63, 104 S. Ct. 2218, 2225, 81 L. Ed. 2d 42, 54 (1984).

The adjuster's letter was obviously misleading with respect to the nature of the Commissioner's waiver; however, the adjuster's representations are of no consequence under the law that governs this matter, which establishes that no one other than the Federal Insurance Administrator has the power to waive the proof of loss requirement. *See, e.g., Suopys*, 404 F.3d at 810 ("A WYO Company may not alter, amend, or waive any provision or condition of the SFIP absent express written consent from the Federal Insurance Administrator.").

Furthermore, Plaintiff's attempts to rely on equitable estoppel or waiver cannot possibly succeed. The Third Circuit has stated that "general doctrines of waiver and estoppel do not apply when the insurer is an agent of the United States." *Id.* at 809 (citing cases).

Even if the Court could ignore that binding instructions from the Third Circuit, Plaintiff would still not succeed on the merits of estoppel or waiver claims. To establish estoppel, a party must show: (1) a misrepresentation by another party; (2) which it reasonably relied upon; (3) to its

7

detriment. *Heckler*, 457 U.S. at 59, 104 S. Ct. at 2223, 81 L. Ed. 2d at 51. Plaintiff cannot establish the reasonable reliance element, as Plaintiff is charged with knowing the law regarding the requirements for recovery under the SFIP. *Id.* at 63, 104 S. Ct. at 2225, 81 L. Ed. 2d at 54.

Additionally, Plaintiff's argument of waiver cannot succeed. To the extent there was a waiver, it was expressly limited by a condition which Plaintiff failed to fulfill. Plaintiff has cited no authority, and indeed the Court can find none, to support the contention that the high volume of flooding occurring in 2004 operated to suspend the requirements for making a claim under the NFIA.

For all of the foregoing reasons, Defendant's motion is granted because as a matter of law, Plaintiff's failure to comply with the conditions precedent for payment under the SFIP, specifically the timely submission of a Proof of Loss, precludes any possibility of recovery on any of his claims or theories in this Court.[1] There are no genuine issues of material fact in dispute, and hence the case is properly disposed of by the grant of summary judgment in favor of Defendant.

An appropriate order follows.

---

[1] While none of Plaintiff's legal arguments can possibly succeed, the Court notes without further comment or endorsement, that a policyholder who finds himself in the position of Plaintiff may have available to him other possible remedies, including administrative appeals filed with the appropriate agencies. *See generally* Ernest B. Abbott, *Floods, Flood Insurance, Litigation, Politics - and Catastrophe: The National Flood Insurance Program*, 1 Sea Grant L. and Pol'y J., June 2008, at 129 (explaining that flood insurance litigation litigation is rarely successful because of defenses available to the federal government, including strict compliance with regulatory requirements; further explaining that Congress has sought to address policy holder concerns by various administrative means, including the creation of administrative appeal procedures).

AND NOW, this 9th day of October, 2008, this matter coming before the Court on Defendant's Motion for Summary Judgment (Doc. No. 17), and upon consideration of Plaintiff's response, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED.**

BY THE COURT:

**KIM R. GIBSON,
UNITED STATES DISTRICT**